Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY SMEADER, | CASE NO. |
| Plaintiff, | 1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| vs. | 2. INTERFERENCE AND RETAILIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT |
| TUSCANY HOTEL & CASINO, LLC, a Nevada Limited Liability Company, | 3. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY |
| Defendant. | JURY DEMAND |

Plaintiff GREGORY SMEADER ("Plaintiff" or "Smeader") alleges as follows:

1.  This action is brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA"), the Family and Medical Leave Act of 1993, *29 U.S.C. § 2601, et seq.* (hereinafter "FMLA") and the public policy of the State of Nevada.

2.  Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

1

3. At all relevant times, TUSCANY HOTEL & CASINO, LLC, a Nevada Limited Liability Company (hereinafter "Defendant" or "Tuscany") employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA and FMLA.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Smeader, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Clark and City of Las Vegas. Smeader currently resides in Dunedin, Florida

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant Tuscany.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on May 28, 2015, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8. In February of 2006, Plaintiff was hired by Defendant as a restaurant manager for Marilyn's Café at the Tuscany and held the position until he was terminated.

9. On February 22, 2011 Smeader was injured at work when he had two fifty pound boxes fall on his head, neck and shoulders from a height of approximately one foot.

10. Smeader was diagnosed with a severe right shoulder sprain and a cervical strain with a bulging disk at C6-7 in his neck.

11. Plaintiff filed a worker's compensation claim on February 22, 2011 and was out of work due to his ailments from that date until he was terminated by Tuscany on July 31, 2011.

12. From February 22, 2011 until May 22, 2011 Smeader was out on Family Medical Leave ("FML").

13. On May 10, 2011 had surgery to fuse the bulging disks in his neck at C6-7 together.

14. Although his FML ended, Defendant did extend Plaintiff's leave of absence, but when Smeader's doctor indicated in a progress report on July 28, 2011 that Plaintiff would be off work until August 28, 2011, Tuscany abruptly terminated Smeader's employment on July 31, 2011.

15. A progress report from Smeader's doctor dated August 30, 2011 indicated that Plaintiff could return to work on August 31, 2011 but could not lift more than five pounds and had to avoid reaching over his shoulders.

## **FIRST CAUSE OF ACTION**

### **(For Disability Discrimination and Failure to Accommodate in Violation of the ADA)**

16. Plaintiff Smeader incorporates the allegations set forth in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. Plaintiff was diagnosed with a severe right shoulder sprain and a cervical strain with a bulging disk at C6-7 in his neck by his doctor Hugh Bassewitz, MD. These ailments substantially limited him in the major life activity of walking, standing, sitting, walking, carrying, lifting and working, among other major life activities, and thus qualified Smeader as being disabled under the ADA.

18. To accommodate these disabilities Plaintiff was put on FML from February 22, 2011 until May 22, 2011 and an additional medical leave of absence from May 23, 2011 to he was terminated.

19. On July 31, 2011 Smeader was abruptly terminated when he was still not released back to work. On August 31, 2011, Plaintiff was released back to work but could not lift more than five pounds and had to avoid reaching over his shoulders.

3

20. Had Tuscany continued to interact with Smeader and continued to accommodate his disabilities, by among other things, extending his medical leave of absence until he was physically able to return to the job he held prior to his injury, Plaintiff would have been able to return to work as early as August 31, 2011 with restrictions.

21. In addition, Defendant could have found Smeader an alternative job which he was able to perform with his restrictions once he received the approval to return to work by his doctor.

22. Plaintiff believes and will prove at trial that Tuscany terminated Plaintiff's employment for pursuing his rights under the ADA, by among other things, requesting an extension of his leave of absence to accommodate his disabilities.

23. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

24. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

25. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

26. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

27. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to

proof at trial.

## SECOND CAUSE OF ACTION

### (For Interference and Retaliation in Violation of the FMLA)

28. Plaintiff Smeader incorporates the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. This cause of action is brought pursuant to FMLA as it involves a claim by Plaintiff for interference and retaliation in taking FML which is governed by the FMLA.

30. As set forth above Plaintiff was on FML from February 22, 2011 until May 22, 2011 and then was abruptly terminated on July 31, 2011.

31. Plaintiff believes and will prove at trial that his FMLA rights were interfered with and he was terminated in retaliation for pursuing his rights under the FMLA.

32. As a direct and proximate result of Defendant violating Plaintiff's rights under the FMLA, Plaintiff Smeader has suffered loss of income, including but not limited to past and future wages, benefits, expenses, insurance, loss of back pay, front pay, other consequential damages, pain and suffering and other damages to be proven at trial.

33. Defendant's violation of Plaintiff's rights under the FMLA were with deliberate indifference to such rights or were willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of his actual damages.

34. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

35. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

///

## THIRD CAUSE OF ACTION

### (For Tortious Discharge in Violation of State Public Policy -

### Discharging Plaintiff for Filing a Worker's Compensation Claim)

36. Plaintiff Smeader incorporates the allegations set forth in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. This cause of action is brought pursuant to the public policy of the State of Nevada making it against said policy to discharge an employee in retaliation for filing a claim for worker's compensation. See *Hansen v. Harrah's*, 675 P.2d 394 (1984); *Torre v. J.C. Penny Co.*, 916 F.Supp. 1029 (D. Nev. 1996).

38. As set forth above Plaintiff filed a worker's compensation claim relating to his work related injuries which occurred on February 22, 2011.

39. Thereafter Smeader's employment with Tuscany was abruptly terminated on July 31, 2011.

40. Plaintiff believes and will prove at trial that he was terminated for filing and pursuing a worker's compensation claim under Nevada's Industrial Insurance laws pertaining to worker's compensation.

41. As a direct, foreseeable, and legal result of the Defendant's discharge of Plaintiff for filing and pursuing a worker's compensation claim, Plaintiff has suffered and continues to suffer, substantial losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

42. As a further direct, foreseeable, and legal result of the Defendant's discharge of Plaintiff for filing and pursuing a worker's compensation claim, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

43. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to

oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

44. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

45. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Smeader demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA, FMLA and Nevada public policy;

2. Enjoining and permanently restraining the violations by Defendant of the ADA, FMLA and Nevada public policy;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For liquidated damages under the FMLA as an additional amount equal to the sum of actual damages and interest;

5. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

6. For punitive damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 8/25/2015                LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/ Michael P. Balaban
 Michael P. Balaban
 LAW OFFICES OF MICHAEL P. BALABAN
 10726 Del Rudini Street
 Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161-A (11/09)         U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
(CONCILIATION FAILURE)

| To: | Gregory Smeader<br>3301 Alternate 19 North #340<br>Dunedin, FL 34698 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2012-00139 | Raymond Griffin, Jr.,<br>Investigator | (808) 541-3721 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission.

Enclosures(s)            _____        5/28/2015
                         Glory Gervacio Saure,                  (Date Mailed)
                         Local Office Director

cc:
TUSCANY SUITES & CASINO
c/o Littler Mendelson, P.C.
ATTN: Noel E. Eidsmore, Esq.
3899 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89199