Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023
E-Mail: mbalaban@balaban-law.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY SMEADER, | CASE NO. 2:15-cv-01640-RFB-VCF |
| Plaintiff, | STIPULATION FOR FILING OF AMENDED COMPLAINT [PURSUANT TO FRCP 15(a)(2)] |
| vs. | |
| TUSCANY HOTEL & CASINO, LLC, a Nevada Limited Liability Company, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties' respective counsels of record pursuant to FRCP 15(a)(2) that Plaintiff may file an Amended Complaint, a copy of which is attached hereto.

IT IS FURTHER STIPULATED that Defendant waives notice and service of the amended complaint and shall not be required to answer the amended complaint (unless they choose to), and that all denials, responses and affirmative defenses contained in the answer filed by Defendant to the original complaint shall be responsive to the amended complaint.

1

1  LAW OFFICES OF MICHAEL P. BALABAN
2
3
4   /s/ Michael P. Balaban, Esq.
Michael P. Balaban, Esq.
10726 Del Rudini Street
5  Las Vegas, NV  89141
Attorney for Plaintiff Gregory Smeader
6
Dated: 1/21/2016
7

LITTLER MENDELSON, P.C.


 /s/ Amy L. Baker, Esq.
Amy L. Baker, Esq.
3960 Howard Hughes Parkway, Su. 300
Las Vegas, NV 89169
Attorney for Tuscany Hotel & Casino

Dated: 1/21/2016

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

Dated: February 4, 2016.

2

Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY SMEADER, | CASE NO. 2:15-cv-01640-RFB-VCF |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| TUSCANY HOTEL & CASINO, LLC, a Nevada Limited Liability Company, | |
| Defendant. | JURY DEMAND |

Plaintiff GREGORY SMEADER ("Plaintiff" or "Smeader") alleges as follows:

1.   This action is brought pursuant to the provisions of the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101*, *et seq.* (hereinafter "ADA"), to obtain relief for Plaintiff under the aforementioned statutes.

2.   Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

1

3.	At all relevant times, TUSCANY HOTEL & CASINO, LLC, a Nevada Limited Liability Company (hereinafter "Defendant" or "Tuscany") employed 20 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA.

4.	The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

5.	Plaintiff, Smeader, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Clark and City of Las Vegas.  Smeader currently resides in Dunedin, Florida

6.	Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant Tuscany.

**EXHAUSTION OF REMEDIES**

7.	Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on May 28, 2015, a copy of which is attached to the Complaint as Exhibit "A".

**STATEMENT OF FACTS**

8.	In February of 2006, Plaintiff was hired by Defendant as a restaurant manager for Marilyn's Café at the Tuscany and held the position until he was terminated.

9.	On February 22, 2011 Smeader was injured at work when he had two fifty pound boxes fall on his head, neck and shoulders from a height of approximately one foot.

10.	Smeader was diagnosed with a severe right shoulder sprain and a cervical strain with a bulging disk at C6-7 in his neck.

11.	Plaintiff filed a worker's compensation claim on February 22, 2011 and was out of work due to his ailments from that date until he was terminated by Tuscany on July 31, 2011.

2

12. From February 22, 2011 until May 22, 2011 Smeader was out on Family Medical Leave ("FML").

13. On May 10, 2011 had surgery to fuse the bulging disks in his neck at C6-7 together.

14. Although his FML ended, Defendant did extend Plaintiff's leave of absence, but when Smeader's doctor indicated in a progress report on July 28, 2011 that Plaintiff would be off work until August 28, 2011, Tuscany abruptly terminated Smeader's employment on July 31, 2011.

15. A progress report from Smeader's doctor dated August 30, 2011 indicated that Plaintiff could return to work on August 31, 2011 but could not lift more than five pounds and had to avoid reaching over his shoulders.

## **FIRST CAUSE OF ACTION**

### **(For Disability Discrimination and Failure to Accommodate in Violation of the ADA)**

16. Plaintiff Smeader incorporates the allegations set forth in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. Plaintiff was diagnosed with a severe right shoulder sprain and a cervical strain with a bulging disk at C6-7 in his neck by his doctor Hugh Bassewitz, MD. These ailments substantially limited him in the major life activity of walking, standing, sitting, walking, carrying, lifting and working, among other major life activities, and thus qualified Smeader as being disabled under the ADA.

18. To accommodate these disabilities Plaintiff was put on FML from February 22, 2011 until May 22, 2011 and an additional medical leave of absence from May 23, 2011 to when he was terminated.

19. On July 31, 2011 Smeader was abruptly terminated when he was still not released back to work. On August 31, 2011, Plaintiff was released back to work but could not lift more than five pounds and had to avoid reaching over his shoulders.

3

20. Had Tuscany continued to interact with Smeader and continued to accommodate his disabilities, by among other things, extending his medical leave of absence until he was physically able to return to the job he held prior to his injury, Plaintiff would have been able to return to work as early as August 31, 2011 with restrictions.

21. In addition, Defendant could have found Smeader an alternative job which he was able to perform with his restrictions once he received the approval to return to work by his doctor.

22. Plaintiff believes and will prove at trial that Tuscany terminated Plaintiff's employment for pursuing his rights under the ADA, by among other things, requesting an extension of his leave of absence to accommodate his disabilities.

23. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

24. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

25. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

26. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

27. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to

4

proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Smeader demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 1/21/2016          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141